# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION for the ADVANCEMENT of MULTIJURISDICTION PRACTICE, et al., | ) ) ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) |
| Richard W. Roberts, Chief Judge, et al. | ) ) |
| Defendants. | ) ) ) |

Civil Action No. 13-1963 (TFH)

FRE 201

## REQUEST FOR JUDICIAL NOTICE RE NEW RULE 83.8

Plaintiffs request the Court to Take Judicial Notice concerning new Rule 83.8 as it affects the Plaintiffs and other licensed attorneys in good standing throughout the United States.

1.  This is the story of how the largest and most influential District Court in the United States, the United States District Court for the District of Columbia, changed it bar admission rules to be consistent with federal policies adopted by the United States Department of Defense, the United States Department of the Treasury, and the United States Department of Justice.

2. Plaintiffs filed a Complaint on December 10, 2013 seeking to invalidate this Honorable Court's admission rules for sister-state attorneys.  Thereafter, in direct response to the Complaint, the Court proposed amending the challenged admission rule and publicly published a request for public comment.  This case by

good faith agreement of the parties was stayed to permit amendment of the challenged Rules.

3.   The Court published notice of the proposed new admission Rule.  After receiving public comment, the Court on June 10, 2014 signed an Order again revising its previously published proposed new rule, adding a new clause concerning in-house counsel, and an explanation comment in light of D.C. Court of Appeals Rule 49(c)(6) permits her to provide certain legal advice here. Article 10-206(d) of the Maryland Code is similar as applied to in-house counsel in Maryland.

4. Thus, it is obvious the Court changed its proposed rule in light of the public comments received.

5. Plaintiffs thank the Court for its consideration in changing its Local Rule. Plaintiffs submit notions of fundamental fairness warrant they should have the opportunity to comment on and controvert the new Rule 83.8 as this case arises from their Complaint.

6.   Consistent therewith, Plaintiffs on June 9, 2014, one day before the Court adopted its new Rule 83.8, filed a Request for Judicial Notice of the Supreme Court's decision *McCUTCHEON et.al.. v. FEDERAL ELECTION* as it relates to the proposed new admission rule.  In light of the train having already left the station, it appears the Court may not have had sufficient opportunity to

consider the Supreme Court's decision as it relates to the new Rule before its

adoption on June 10, 2014.

7. The Court's new admission rule 83.8 does not provide Plaintiffs the relief

they seek.  It falls far short. African American Plaintiff, and honorably discharged

servicewoman,  Marinna Callaway is still *not* eligible for federal admission

because her principal office is in California, and California is only one of ten states

that does not provide reciprocal admission.  The same holds true for Plaintiff

Herbert Detrick, who also is an honorably discharged serviceman, who is admitted

in four states, and presently has his principal office is in Zurich.  They are

disqualified from the relief they seek under the new Rule.

8. Moreover, many States including California have extremely narrow in-

house counsel Rules that multiple steep hurdles to obtain in-house counsel status,

and that bar their in-house counsel from appearing in Court,   even for their

corporate employer.

9. Plaintiff's *pro hac vice* counsel in this case would accordingly be barred

under new Rule 83.8.

10. Plaintiffs will suggest a remedy hereinafter and good cause for why a

new Rule should be adopted that has been enacted by the Department of Defense

and Treasury, and even the Department of Justice.

12. Plaintiffs remain optimistic (i.e. they have a dream) that they still can reach an agreement with the Court concerning Rule 83.8 that gives both sides what they want. There is also an obvious particular incentive as this Court, the most influential District Court in the United States, housed in our Nation's capital serves as a role model for our American creed (one nation, under God with liberty and justice for all) should adopt an admission Rule where men and women are judged by the content of their character, and not the state they have their principal office.

13. Plaintiffs' suggest the Court's new admission rule 83.8 with its focus on "the location of the attorney's principal office" is not workable in practical effect, and that it suffers from the same fundamental defect as the Court's prior reciprocity Rule. For example, many gays and lesbians have been legally married in one state, but live in other states where that marriage is not state sanctioned. There are thousands of lawyers in the exact same position as gays and lesbians, including Plaintiffs Callaway and Detrick, and *pro hac vice* counsel for the NAAMP.

14. Rule 83.8, in practical effect, is not workable because it does not render this case moot. Moreover, Marinna Callaway at one time was a registered in-house in California, but now she is not. The same holds true for Herbert Detrick who has had his principal office over the years in four states that would qualify him, but now he does not qualify. Under the new Rule 83.8, a host of practical enforcement

complications arise, as a lawyer can be qualified one day, and not the next, depending on the location of his principal office.   The same holds true for Department of Justice lawyers.  One day they can be entitled to practice in this Court, and a day after leaving service as a lawyer for the United States government, they can be disqualified in the same Court they have honed their professional skills.

15.   Additionally, as a matter of law, the United States Supreme Court has held "the location of a lawyer's office simply has nothing to do with his or her intellectual ability or experience in litigating cases in Federal District Court." *Frazier v. Heebe, Chief Judge, United States District Court for the Eastern District of Louisiana et. al*, 482 U.S. 641, 649 (1987) (invalidating Federal District Court Local Rule re bar admission, and holding *pro hac vice* admission is not an adequate substitute.)  Rule 83.8 as amended runs afoul of *Frazier v. Heebe* because it classifies on the basis of principal office location.

16.   Rule 83.8's focus on the location of the attorney's principal office is also impractical as attorneys in our increasingly mobile society, (including attorneys working for the DOJ) are often forced to move, and it often takes a substantial amount of time to obtain admission in another State.

17. More importantly, Rule 83.8 is impractical because there are ten state that require experienced attorneys to re-take an entry level bar exam in order to get

licensed making licensing in these states extraordinarily costly and time-consuming.  Thus, the federal rights to access the federal courts would be Balkanized by highly Balkanized State law, which would be incorporated by reference into Local Rule 83.8.

18.    Plaintiffs submit new Rule 83.8 also violates Federal Rules of Civil Procedure 1 and 83. The Supreme Court first ordered the adoption of the Federal Rules of Civil Procedure on December 20, 1937 pursuant to Section 2 of the Act of June 19, 1934, Chapter 651 (48 Stat. 1064).  Prior to the adoption of uniform federal civil procedure, Balkanized forum state procedure governed.  Back then, our nation was in the midst of the depression, the separate but equal era was the law, interstate highways were not yet developed, and many courtrooms still had spittoons.  We lived in a far different world.  The purpose of the FRCP was to promote federal uniformity, and to make federal law subject to federal procedure.

19. FRCP Rule 1. *Scope and Purpose*, provides:

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. ***They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding***. (Emphasis added)

20. FRCP 83 Rules by District Courts, (a) *Local Rules*. provides

(1) In General. After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice. ***A local rule must be consistent with— but not duplicate—federal statutes and rules adopted under 28 U.S.C. §§2072***…..(emphasis added)

21.  28 U.S.C. § 2072. *Rules of procedure and evidence*; power to prescribe, provides,

(b) ***Such (District Court Local) rules shall not abridge, enlarge or modify any substantive right***. (Emphasis added)

22. Plaintiffs aver new Local Rule 83.8 continues to be unlawful because it trespasses Section 2072 by abridging, modifying, and enlarging the substantive rights to counsel, free speech and advocacy, association, and petition for the redress of grievances, contingent on "principal office location" when many attorneys in good standing are admitted in multiple states.  This is identical to the situation that gays and lesbians are confronted with as 19 States and the District of Columbia have legalized gay marriage, and 31 have refused to do so.  Likewise, 40 states have adopted admission on motion, but ten States so far have refused to do so. The government bears the burden of proof to justify Rule 83.8 classification scheme and disparate treatment.

23.   Plaintiffs aver new Local Rule 83.8 in this 21st Century Information Age interferes with the core purpose of the Federal Rules of Civil Procedure 1, i.e. "the just, speedy, and inexpensive determination of every action and proceeding" See FRCP 1, and accordingly driving up the citizen's cost to obtain a just and speedy result.

24.  As the Supreme Court has made clear time and time again, the *pro hac vice* admission rule is not a reasonable alternative because it requires duplicative services and payments for two lawyers, when only one is often needed; and it modifies and abridges the attorney-client and work-product privileges.

25.  Plaintiffs aver there is no rational reason to categorically classify experienced federal practice specialists based on the State where they have their principal office.  Many prominent federal practice specialists have a national practice.  In today's society, an attorney can carry his principal office with him with a smart phone and a laptop.  It has been widely reported that Ninth Circuit Justice Jerome Farris spends more than half of the year living in Italy and performing his judicial duties in real time electronically. It is well known Justice STEVENS lived in Florida and commuted to his Washington D.C. chambers only for oral argument.

26.  Rule 83.8 disables the mandatory constraint (*shall*) set forth in 28 U.S.C. § 2072(b) because it categorically modifies and enlarges the privileges of members of the bar some attorneys by classifying them based on the location of their principal office, granting them general admission privileges; and it categorically modifies and abridges the substantive rights of Plaintiffs Callaway and Detrick, and other members of the bar in good standing by denying them general admission privileges.

27. It is hornbook law that the state and federal courts are distinct and each has authority over its bar admission standards and members. State licensing requirements which purport to regulate private individuals who appear before a federal instrumentality are invalid. *Sperry v. Florida*, 373 U.S. 379, (1963) is the leading case. The Supreme Court held that a "State may not enforce licensing requirements which . . . give the State's licensing board a virtual power of review over the federal determination that a person or agency is qualified and entitled to perform certain functions," and found that the state's licensing requirements could not govern practice before the PTO. Id. at 385, 388. The Supreme Court concluded that applying state licensing requirements to practitioners appearing before the PTO would have a "disruptive effect," given that one-quarter of the attorney practitioners before the PTO would have been disqualified because they were not licensed in the state in which they were practicing." *Sperry*, 373 U.S. at 401. New Rule 83.8 has a disruptive effect because it incorporates state licensing requirements for federal admission, which is inconsistent with Supreme Court precedent on federal bar admission.

28. This Court was one hundred percent right to amend its Rule 83.8. The Court in amending its Rule was obviously and rightly concerned with protecting the integrity of the judicial process. It appears new Rule 83.8 classifies on the basis of principal office location for the purpose of discouraging forum shopping and or

to discouraging the unauthorized practice of law.  This also seems plain in light of this Court's location adjacent to several other surrounding States with Balkanized State bar admission procedures.  The States of Maryland and Delaware entirely deny reciprocal admission on motion to out-of-state attorneys; the U.S. District Court for the District of Maryland has a Local Rule that disqualifies for its bar admission any lawyer who has their principal office in a State that denies reciprocity to Maryland licensed lawyers.[1] Every Plaintiff would be denied admission under the Maryland Local Rule.

29.  Each of these justifications forum shopping and the unauthorized practice of law underlying Rule 83.8 will be addressed for the Court's consideration.

30.  First, as to forum shopping, under the Supremacy Clause, procedural rules created by the judiciary cannot shrink or expand the scope of federal jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978). State law has virtually nothing whatsoever to do with many exclusive areas of

---

[1]Maryland District Court Local Rule 701 ( c) Reciprocity with Other Jurisdictions

No attorney, other than a member of the Maryland Bar, who maintains his or her principal law office outside the District of Maryland may be a member of the Bar of this District if the attorney is, or becomes, a member of the Bar of the United States District Court for the district in which the attorney maintains his or her principal law office if that district court has a local rule that denies membership in its bar to any attorney who is a member of the Maryland Bar maintaining his or her principal law office in Maryland.

federal jurisdiction and highly specialized substantive areas of law including patents, trademarks, copyrights, bankruptcy, taxation, securities, and admiralty. Federal courts are bound to apply rules enacted by Congress over which it has legislative power. *Stewart Organization, Inc. v. Ricoh Corp*. 487 U.S. 22, 26 (1988). Rule 83.8 as constituted is a procedural rule that shrinks the Court's jurisdiction by denying general admission by otherwise qualified members of based on Balkanized State law. If a lawyer admitted to the bar of this Honorable Court is guilty of forum shopping the District Court has inherent authority to impose appropriate sanctions, or to refer the lawyer to the State licensing board where they are licensed.

31. This Court, however, should not presume its lawyers will engage in forum shopping. *See Supreme Court of Virginia v. Friedman*, 487 U.S. 59 (1988) (holding bar admission on motion is constitutionally protected, and the Supreme Court will not presume out-of-state lawyers will violate their professional duties.)

32. Second, as to the unauthorized practice of law justification, perhaps underlying the government's justification for Rule 83.8, *see* the Supreme Court 's decision in *Friedman*, stating "we see no reason to assume that nonresident attorneys who, like Friedman, seek admission to the Virginia bar on motion will lack adequate incentives to remain abreast of changes in the law or to fulfill their civic duties." *Id*. at 69.

33. Accord *In re SERGIO GARCIA on Admission* S202512. filed January 2, 2014,where  the California Supreme Court squarely held aliens — who are admittedly in this country illegally, and who admittedly under federal law are wholly barred from working in the United States, *Id*. at 25 — nevertheless, are entitled to a California law license because "it would be inappropriate to deny a law license to such an individual on the basis of an assumption that he or she will not comply with the existing restrictions on employment imposed by federal law." *Id*. at 28.  The United States Department of Justice was invited to brief that case, and in briefing, did not oppose SERGIO GARCIA'S admission.

34. Under California bar admission rules aliens have more rights than sister-state attorneys.  This is why one state's law should not serve as the sole condition predicate for general admission privileges for the U.S. District Court in our Nation's capital.

35. As noted above, this case seeking federal bar admission for members of the bar raises a similar issue as that presented to  the United States Department of the Treasury after the Supreme Court invalidated the Defense of Marriage Act. Until the Supreme Court in *United States v. Windsor*, 570 U.S. ___, 133 S. Ct. 2675 (2013), the Department of the Treasury and Internal Revenue Service interpreted section 3 of the Defense of Marriage Act (DOMA) as prohibiting it from recognizing same-sex marriages for purposes of these provisions.

36. In *Windsor*, the Supreme Court held that section 3 of DOMA is unconstitutional because it violates the principles of Equal Protection. In light of the *Windsor* decision and for the other reasons, including full faith and credit, and the canon of avoiding difficult constitutional questions of interpretation, the Service concludes that the terms "husband and wife," "husband," and "wife" should be interpreted to include same-sex spouses.

37. The Department of the Treasury issued Internal Revenue Ruling 2013-17 issued on August 29, 2013. This landmark reverses federal law and declares,

"The U.S. Department of the Treasury and the Internal Revenue Service (IRS) today ruled that same-sex couples, legally married in jurisdictions that recognize their marriages, will be treated as married for federal tax purposes. The ruling applies regardless of whether the couple lives in a jurisdiction that recognizes same-sex marriage or a jurisdiction that does not recognize same-sex marriage."

…

"Any same-sex marriage legally entered into in one of the 50 states, the District of Columbia, a U.S. territory or a foreign country will be covered by the ruling."

38. The Department of the Treasury based this national legal ruling on the administrative need for a uniform interpretation in all 50 States. It concluded,

"A rule of recognition based on the state of a taxpayer's current domicile would also raise significant challenges for employers that operate in more than one state, or that have employees (or former employees) who live in more than one state, or move between states with different marriage recognition rules. Substantial financial and administrative burdens would be placed on those employers, as well as the administrators of employee benefit plans. For example, the need for and validity of spousal elections, consents, and notices could change each time an employee, former employee, or spouse moved to a state with different marriage recognition rules..

39.   Plaintiffs accordingly aver this Court for federal bar admission purposes should treat all lawyers as eligible for general admission privileges, regardless of what state that have been licensed as a lawyer in good standing, or where they have their principal office. The definition of lawyer should not be contingent on the State law of where the location as his principal office as the federal definition of legal marriages is not contingent on where gays and lesbians are domiciled.

40.   Additionally, the Department of Defense and the Obama Administration prepared a report outlining why streamlining bar admission and multijurisdictional admission rules are presently necessary.   The report, titled "Supporting Our Military Families: Best Practices for Streamlining Occupational Licensing Across State Lines," was presented by the First Lady MICHELLE OBAMA and JILL

BIDEN, wife of Vice President JOE BIDEN, at a Pentagon event in February 2012.[2]

41.  The report notes that military families face unique circumstances of having to move across jurisdictional lines far more often than other American families, making it difficult for an attorney spouse to gain admission to practice and earn a living before it is time to relocate to anther jurisdiction.[3]  Brad Cooper, head of the White House's Military Support Office noted, "Military families are asked to move again and again…oftentimes, that means they are coming into a new state which often requires different licensing and credentialing standards…The fact of the matter is that this transition is a huge headache and a barrier to employment for spouses."[4]

42.   All Americans are benefited by streamlined bar admission rules. Balkanizes State bar admission rules are a huge headache and barrier for all lawyers. The Department of Justice does limit its employment practices to lawyers licensed in the State where they have their principal office.  Neither does this

---

[2] Amy Bushatz, *WH Pushes States to Ease Spouse License Rules,* Military.com (Feb.15, 2012),
http://m.military.com/news/articlerss/wh-pushes-states-to-ease-spouse-license-rules.xml/1

[3] *Id.*
[4] *Id.*

Honorable Court Local Rules limit the government's right to choose its own counsel

43.   This Honorable Court has served as leader in promoting equal civil rights of all Americans, "so that justice rolls down like a might stream."

44. According to national studies commissioned by Microsoft, the law is diversifying at a much slower rate than are other professions.  Microsoft found that 8.4 percent of the nation's lawyers are African Americans and Hispanics, though those minority groups represent more than 25 percent of the U.S. workforce. The Microsoft study suggests that bar passage rates are part of the problem. "A significant proportion of under-represented minorities who graduate from law school do not pass the bar," the report says.[5] The diversity pipeline is further clogged by Federal District Court Local Rules general bar admission rules that deny equality and access to justice.

45.   New Rule 83.8 perpetuates outdated polices the United States Department of Defense and Department of Treasury have rejected. African-American Plaintiff Marinna Callaway and her follow honorably discharged

_____

[5] *See*  ABA Journal December 11, 2013
http://www.abajournal.com/news/article/law_lags_other_professions_in_minority_ hiring_which_group_is_most_dramatica/?utm_source=maestro&utm_medium=em ail&utm_campaign=daily_email

Plaintiff licensed lawyer Herbert Detrick are denied equality and access to justice by new Rule 83.8.

46. Plaintiffs submit there is no reason for Rule 83.8 to deny them full faith and credit as licensed members of the bar, or to presume that if they engage in some misconduct that they will not be subject to state discipline.

47.   In light of this Honorable Court having jurisdiction over claims arising against the United States in our Nation's capital, Plaintiffs submit this Court should adopt a bar admission  Local Rule, similar to the national rules for bar admission, FRAP 46a, which provides:

a) *Admission to the Bar*.

(1) Eligibility. An attorney is eligible for admission to the bar of a court of appeals if that attorney is of good moral and professional character and is admitted to practice before the Supreme Court of the United States, the highest court of a state, another United States court of appeals, or a United States district court (including the district courts for Guam, the Northern Mariana Islands, and the Virgin Islands).

Dated: June 16, 2014                    Respectfully submitted,

                                                                                      /s/

                                        *Raymond Carignan*

                                        By: Raymond Carignan, Esq.
                                        Raymond Carigan, Esq., LLC
                                        DC Bar ID: 388591
                                        Attorney for Plaintiffs NAAMJP et. al.
                                        10176 Baltimore National Pike, Suite 202
                                        Ellicott City,  MD 21042
                                        Phone: 410-703-2703

Email: ray.carignan@raycarignan.com

/s/ Joseph Robert Giannini

Joseph Robert Giannini, Esq.
PA State Bar 38814
Attorney for Plaintiffs NAAMJP et. al.
12016 Wilshire Blvd. Suite 5
Los Angeles, CA 90025
Phone 310 207 1776
Email j.r.giannini@verizon.net