UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF
MULTIJURISDICTIONAL PRACTICE,
*et al.*

                Plaintiffs,

v.

RICHARD W. ROBERTS, Chief Judge,
United States District Court for the
District of Columbia, *et al.*,

                Defendants.

FILED
NOV 0 7 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Civil Action No. 13-01963 (TFH)

## MEMORANDUM OPINION AND ORDER

Upon consideration of the Motion for Recusal of the Honorable Thomas F. Hogan; Counsel's Affidavit of Good Cause; Plaintiff NAAMJP Affidavit of Bias [ECF No. 20] and the Response to Motion for Recusal [ECF No. 21], the undersigned Judge will voluntarily recuse to further the fair administration of justice in this case. Although the undersigned is not convinced that the plaintiffs have established that disqualification is mandatory pursuant to 28 U.S.C. § 455(b)(5)(i), a determination of this question is unnecessary in light of the decision to voluntarily recuse for the sake of ensuring the appearance of impartiality under the peculiar circumstances of this case. Advancing what has been characterized as "[a] classic statement on voluntary recusal," *Mitchell v. Sirica*, 502 F.2d 375, 378 (D.C. Cir. 1974), Justice Felix Frankfurter long ago observed that:

> The judicial process demands that a judge move within the framework of relevant legal rules and the covenanted modes of thought for ascertaining them. He must think dispassionately and submerge private feeling on every aspect of a case. There is a good deal of shallow talk that the judicial robe does not change the man within it. It does. The fact is that on the whole judges do lay aside private views in

> discharging their judicial functions. This is achieved through training, professional habits, self-discipline and that fortunate alchemy by which men are loyal to the obligation with which they are entrusted. But it is also true that reason cannot control the subconscious influence of feelings of which it is unaware. When there is ground for believing that such unconsious feelings may operate in the ultimate judgment, *or may not unfairly lead others to believe they are operating*, judges recuse themselves. They do not sit in judgment. They do this for a variety of reasons. The guiding consideration is that the administration of justice should reasonably appear to be disinterested as well as be so in fact.

*Public Utils. Comm'n of D.C. v. Pollak*, 343 U.S. 451, 466-67 (1952) (Frankfurter, J., recusing) (emphasis added). Given that the undersigned might have voted on the 1996 amendment to the Rules of the United States District Court for the District of Columbia (the "Local Rules") that is challenged in this case, Response to Mot. for Recusal 3, voluntary recusal will preserve the *appearance* of an unbiased administration of justice, which Justice Frankfurter noted was the "guiding consideration" even when the administration of justice is disinterested in fact. *Id.* Accordingly, it hereby is

**ORDERED** that, for the aforementioned reasons, this case be reassigned to the Calendar Committee for assignment to a judge who was not involved in decisions about the 1996 or 2014 amendments to the Local Rules.

**SO ORDERED.**

November 7th, 2014

Thomas F. Hogan
Senior United States District Judge

2