### United States District Court
### District of Columbia

_____
)
NATIONAL ASSOCIATION FOR THE     )
ADVANCEMENT OF MULTIJURISDICTION )
PRACTICE, JOSE JEHUDA GARCIA,    )
MARINNA L. CALLAWAY and HERBERT  )
HOWARD DETRICK, II,              )
                                 )
        Plaintiffs,              )
                                 )
        vs.                      )      Civil Action No.
                                 )      13-01963-NMG
RICHARD W. ROBERTS, EMMET G.     )
SULLIVAN, COLLEN KOLLAR-KOTELLY, )
ELLEN S. HUVELLE, REGGIE B.      )
WALTON, JOHN D. BATES, RICHARD   )
J. LEON, ROSEMARY M. COLLYER,    )
BERYL A. HOWELL, ROBERT L.       )
WILKINS, JAMES E. BOASBERG, AMY  )
BERMAN JACKSON, RUDOLPH          )
CONTRERAS, KETANJI BROWN JACKSON )
and ERIC H. HOLDER, JR.,         )
                                 )
        Defendants.              )
_____  )

### MEMORANDUM & ORDER

GORTON, J.

This case involves allegations that Local Rule 83.8(a)(2) of the United States District Court for the District of Columbia ("D.D.C.") violates federal statutory and constitutional law in requiring certain attorneys, as a condition of bar admission and continuing membership, to be active members in good standing of the Bar of the states in which they maintain their principal law offices.

Pending before this Court are defendants' motion to dismiss the amended complaint and plaintiffs' motion for summary judgment.  For the reasons that follow, defendants' motion to dismiss will be allowed and plaintiffs' motion for summary judgment will be denied.

## I.   Background

### A.   Challenged rule

Plaintiffs contest the statutory and constitutional validity of D.D.C. Local Rule 83.8(a) which provides that:

> Admission to and continuing membership in the Bar of this Court are limited to:
>
> (1) attorneys who are active members in good standing in the District of Columbia Bar; or
>
> (2) attorneys who are active members in good standing of the Bar of any state <u>in which they maintain their principal law office</u>; or
>
> (3) in-house attorneys who are active members in good standing of the Bar of any state and who are authorized to provide legal advice in the state in which they are employed by their organization client.

D.D.C. R. 83.8(a)(emphasis added).  Specifically, plaintiffs object to the "principal law office" provision in D.D.C. Rule 83.8(a)(2) and seek to have that restriction removed from the rule.

-2-

### B.   Parties

Plaintiff National Association for the Advancement of Multijurisdiction Practice ("NAAMJP") is a California public benefit corporation that

> engage[s] in interstate commerce and advocacy throughout the United States for the purpose of improving the legal profession, by petitioning for admission on motion in the dwindling minority of jurisdictions that have not yet adopted the [American Bar Association's] recommendations for reciprocal admission for all lawyers.

NAAMJP claims that the challenged rule prevents its members from joining the D.D.C. Bar.

Plaintiff Jose Jehuda Garcia ("Garcia") is a member of NAAMJP and an attorney who is admitted to, and in good standing of, the Bar of the New Mexico Supreme Court.  He asserts that he is injured by the "principal law office" provision of the rule.

Plaintiff Marinna L. Callaway ("Callaway") is a member of NAAMJP and an attorney who practices in California.  She contends that she is "categorically disqualified" from admission to the D.D.C. Bar under the rule because her principal law office is located in "California, a state which refuses her admission."  She submits that she would apply for admission to the D.D.C. Bar if defendants were to remove the "principal law office" provision from its rule.

Plaintiff Herbert Howard Detrick, II ("Detrick") is an attorney admitted to, and in good standing of, the bars of

several state and federal courts, including the Supreme Courts
of New York, New Jersey, Connecticut and Florida and the United
States District Courts for the Southern and Eastern Districts of
New York and the District of New Jersey.  He alleges that he has
moved between states several times and that his principal law
office is currently located in Zurich, Switzerland.  Detrick
proclaims that he has

> essentially wasted tens of thousands of dollars and
> hours in preparing to take repetitive state bar exams
> and waiting for his results.

He asserts that he is injured by the existing rule and that he
would apply for admission to the D.D.C. Bar if defendants were
to remove the "principal law office" provision from the rule.

The remaining plaintiff, "Patent Lawyer Doe," is an unnamed
member of NAAMJP and a patent lawyer who claims that he is
injured by the rule because he is not admitted in the state
where his principal law office is located and thus is precluded
from admission to the D.D.C. Bar.

Defendants are 1) the Chief Judge and thirteen active
United States District Judges of the United States District
Court for the District of Columbia at the time of the filing of
the complaint and 2) the United States Attorney General at the
time of the filing of the complaint.  Plaintiffs assert claims
against defendants in their official capacities.

### C.   Procedural history

In December, 2013, plaintiffs filed a complaint in the U.S. District Court for the District of Columbia claiming that the then-existing D.D.C. Local Rule 83.8(a)(2), which contained a prior version of the "principal law office" provision in conjunction with a reciprocity requirement, violated 1) the Rules Enabling Acts of 28 U.S.C. §§ 2071 and 2072, 2) the Supremacy Clause, 3) the First Amendment rights to free speech, free association and petition and 4) the Fifth Amendment rights to equal protection and due process.  The case was initially assigned to D.D.C. United States Senior District Judge Thomas F. Hogan.

In March, 2014, Judge Hogan allowed defendants' motion to stay the case until defendants voted on a proposal by the District Court's Rules Committee to remove the reciprocity requirement from the D.D.C. Local Rules.  In June, 2014, defendants voted to approve the amended version of D.D.C. Local Rule 83.8(a)(2) that plaintiffs now challenge.

In July, 2014, plaintiffs filed an amended complaint asserting that the "principal law office" provision of D.D.C. Local Rule 83.8(a)(2) violated 1) the Rules Enabling Acts of 28 U.S.C. §§ 2071 and 2072 (Count 1), 2) the Supremacy Clause (Count 2), 3) the First Amendment rights to free speech, free association and petition (Count 3) and 4) the Fifth Amendment

-5-

rights to equal protection and due process (Counts 4 and 5).
Plaintiffs seek a) an order declaring the "principal law office"
provision of D.D.C. Local Rule 83.8(a)(2) unconstitutional,
b) an injunction against its enforcement and c) an order
declaring that the D.D.C. Local Rules shall provide

> general bar admission privileges to all sister-state
> attorneys admitted to the highest court of any state.

Shortly thereafter, Judge Hogan allowed a joint motion of
the parties to stay the case pending resolution of plaintiffs'
motion to transfer the instant action and related actions in
other district courts to the United States Judicial Panel on
Multidistrict Litigation as one consolidated case.  The motion
to transfer was denied and, in November, 2014, Judge Hogan, upon
consideration of plaintiffs' motion for recusal, plaintiffs'
affidavit of bias and defendants' response, voluntarily recused
himself "to further the fair administration of justice in this
case."  The case was randomly reassigned to D.D.C. United States
Senior District Judge Randolph D. Moss.

Defendants filed the instant motion to dismiss the amended
complaint in November, 2014 and plaintiffs filed their pending
motion for summary judgment in January, 2015.

Jurisdictional concerns were time consuming but ultimately,
the case was reassigned to the D.D.C. Calendar Committee and
then, in November, 2015, by the Chief Justice of the United

States to this judicial officer to sit by designation on the
United States District Court for the District of Columbia.

In December, 2015, this Court convened a hearing on the
pending motions for dismissal and summary judgment.  The Court
has now heard oral argument from the parties and proceeds to
decide the case.

## II.  <u>Standing</u>

Defendants contend in their motion that the Court should
dismiss the complaint because all plaintiffs lack standing.

### A.    **Legal standard**

The Article III jurisdiction of a federal court is limited
to "Cases" and "Controversies" in which the claimant has
standing to litigate before the court. <u>Lujan</u> v. <u>Defenders of
Wildlife</u>, 504 U.S. 555, 559-60 (1992).  In order to establish
constitutional standing, a plaintiff must show 1) an injury in
fact, 2) a causal connection between the injury and the conduct
complained of, such that the injury is fairly traceable to that
conduct and 3) a likelihood that the injury will be redressed by
a favorable decision. <u>Id.</u> at 560-61. An injury in fact is one
that is "concrete and particularized and [] actual or imminent,
not conjectural or hypothetical." <u>Id.</u> at 560 (internal citations
and quotation marks omitted).  A plaintiff claiming a
prospective injury has standing "where the threatened injury is

real, immediate, and direct." Davis v. Fed. Election Comm'n, 554
U.S. 724, 734 (2008).

### B. Application

#### 1. Individual plaintiffs

Defendants contend that the individual plaintiffs lack
standing for several reasons.  Defendants first claim that the
individual plaintiffs lack qualifying injuries because they fail
to allege

> that they are not members of the [District of Columbia
> ("D.C.")] Bar, that they have applied for admission to
> the [D.C.] Bar or for admission to the Bar of this Court
> and been rejected, or that they have actual or
> prospective clients with cases before this Court, whose
> engagements they may not pursue due to ineligibility for
> admission to the Bar of this Court.

Defendants concede that Callaway and Detrick submit that
they would apply for admission if the "principal law office"
provision were removed from the rule, an injury that defendants
argue is too conclusory to be "concrete and particularized and
. . . actual or imminent," given that plaintiffs could seek to
appear pro hac vice in court.  Defendants, however, assert that
the amended complaint does not allege that Garcia, Callaway and
Doe are each licensed by at least one state bar and that his or
her principal law office is located outside of the licensing
state.

Defendants conclude that, as a result, the amended
complaint fails to establish injury, causation or redressability

-8-

for those plaintiffs.  Defendants also submit that the amended complaint fails to allege that the individual plaintiffs are ineligible for admission to the D.C. Bar which, defendants suggest, indicates that 1) the individual plaintiffs can seek admission to the D.D.C. Bar under the alternative route provided by D.D.C. Local Rule 83.8(a)(1) and thus 2) their injury pursuant to the challenged rule is "necessarily reduce[d] to the mere inconvenience" of seeking admission to the D.D.C. Bar under Rule 83.8(a)(1).

After accepting all factual allegations as true and drawing all reasonable inferences in plaintiffs' favor, as the Court must in deciding a motion to dismiss, the Court finds that individual plaintiffs Callaway and Detrick have constitutional standing to pursue their claims against the named judges. Callaway and Detrick each claim a qualifying injury in fact: ineligibility for admission to the D.D.C. Bar based on his or her inability to satisfy the "principal law office" requirement in Rule 83.8(a)(2).

If Callaway or Detrick were to apply for admission to the D.D.C. Bar under the existing version of Rule 83.8(a)(2), their applications would be denied.  Callaway is an attorney who is admitted, and who is presumably active and in good standing, in Illinois but not in California, the state in which she has her principal law office.  Detrick is an attorney who is admitted,

-9-

and who is presumably active and in good standing, in at least one state but his principal law office is not located in any of the United States.

Neither Callaway nor Detrick would satisfy Rule 83.8(a)(2) which requires attorneys to be

> active members in good standing of the Bar of any state in which they maintain their principal law office.

D.D.C. R. 83.8(a)(2).  It is sufficient for the amended complaint to contend that Callaway and Detrick would apply for admission to the D.D.C. Bar under Rule 83.8(a)(2) in the absence of the "principal law office" provision.  The prospective injuries that Callaway and Detrick face under the existing rule are real, immediate, direct and fairly traceable to the "principal law office" provision of the challenged rule.  A court order directing the judges of this Court to remove that provision from the rule would redress the purported injuries.  A court order directing the Attorney General to do the same, however, would not redress those injuries because that Cabinet officer plays no role in promulgating or enforcing the local rules of federal courts.

Individual plaintiffs Garcia and Doe, in contrast, have not alleged sufficient facts to establish the requisite injury in fact and thus do not have constitutional standing to bring their

claims.[1]  Although Garcia and Doe make the bare assertions that
they are injured or disabled by the challenged rule, the Court
cannot reasonably infer from those assertions that either Garcia
or Doe would apply for admission to the D.D.C. Bar under Rule
83.8(a)(2) in the absence of the "principal law office"
provision.  The injuries that Garcia and Doe face are merely
speculative and do not constitute concrete, actual or imminent
injuries in fact.

The principle that a plaintiff with a First Amendment
overbreadth challenge may be subject to more lenient standing
requirements than those set forth by the constitutional standing
doctrine does not excuse Garcia or Doe from satisfying those
constitutional standing requirements.  The overbreadth principle
as described in Broadrick v. Oklahoma, 413 U.S. 601 (1973),
creates

> an exception to additional prudential standing doctrines
> which normally prevent parties from litigating the
> rights of others in federal court . . . Under no
> circumstances, however, does the overbreadth doctrine
> relieve a plaintiff of its burden to show constitutional
> standing.  [Plaintiff's] overbreadth challenge must
> therefore meet the [constitutional standing]
> requirements set forth in Lujan.

---

[1] The amended complaint declares that Doe "desires to remain anonymous because
of privacy reasons and because he fears reprisal against himself and his
clients should his identity become public knowledge."  The Court concludes
that neither of the purported justifications for anonymity is sufficient and
that even if his claims were otherwise viable, they would be dismissed for
failure to state a claim unless he pled them in his true name.

Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 799 (8th Cir. 2006)(citing CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269-72 (11th Cir. 2006)). See also Sec'y of State of Md. v. Joseph H. Munson Co., Inc., 467 U.S. 947, 955-56 (1984)(finding that claims must satisfy the Article III standing requirements but that First Amendment concerns "justify a lessening of prudential limitations on standing")(emphasis added). Thus, the observation that Garcia and Doe raise an overbreadth claim under the First Amendment does not overcome the finding that those plaintiffs lack constitutional standing.

Accordingly, the Court finds that Callaway and Detrick have standing to bring their claims against the judges of the District Court for the District of Columbia. The claims raised by Callaway and Detrick against the Attorney General will be dismissed for lack of standing. The claims raised by Garcia and Doe will be dismissed in their entirety.

### 2. Association plaintiff

An association may assert claims on behalf of its members

[1] when its members would otherwise have standing to sue in their own right, [2] the interests at stake are germane to the organization's purpose, and [3] neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 181 (2000).

-12-

NAAMJP satisfies the three requirements of associational standing because 1) Callaway is a NAAMJP member who has individual standing to pursue her claims against the named judges, as discussed above, 2) the existence and continuing enforcement of the "principal law office" provision in Rule 83.8(a)(2) implicates the core interest of NAAMJP in advocating for the uniform adoption of "the [American Bar Association's] recommendations for reciprocal admission for all lawyers" and 3) plaintiffs assert facial challenges and seek declaratory and injunctive relief that do not require the participation of individual NAAMJP members in the action.

Accordingly, the Court finds that NAAMJP has associational standing to bring its claims against the judges of the District Court for the District of Columbia.  The claims that NAAMJP asserts against the Attorney General will be dismissed.

## III. Legal standards

### A.   Motion to dismiss

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court must resolve all factual doubts and make all factual inferences in the plaintiff's favor. Tele-Commc'ns of Key West, Inc. v. United States, 757 F.2d 1330, 1335

-13-

(D.C. Cir. 1985). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 679.

**B.   Motion for summary judgment**

A party seeking summary judgment has the burden of showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-moving party must also present sufficient evidence that could lead a reasonable jury to return a verdict in its favor. Anderson, 477 U.S. at 248. The Court must view the entire record in the light most

-14-

favorable to the non-moving party and make all reasonable inferences in that party's favor. Id. at 255.

## IV.   **Application**

### A.   **Rules Enabling Acts, 28 U.S.C. §§ 2071, 2072**

Count 1 of the amended complaint alleges that Rule 83.8(a)(2) violates the Rules Enabling Acts located at 28 U.S.C. §§ 2071 and 2072. Section 2071 provides that:

> The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under [28 U.S.C. § 2072].

28 U.S.C. § 2071(a). Section 2072, in turn, provides that:

> The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts . . . . Such rules shall not abridge, enlarge or modify any substantive right.

28 U.S.C. § 2072(a)-(b).

The amended complaint contends that § 2071 incorporates the standards set forth in § 2072, such that a rule which violates the "substantive right" provision in § 2072 necessarily violates both §§ 2071 and 2072. Plaintiffs explain that the "principal law office" requirement violates the "substantive right" provision in § 2072 because it abridges a substantive right by 1) withholding general admission privileges from plaintiffs and attorneys who are not members of the D.D.C. Bar, 2) abridging and modifying the Sixth Amendment right to counsel and the First

-15-

Amendment rights to association and petition, 3) preventing plaintiffs from exercising their constitutional rights to admission on motion to the D.D.C. Bar pursuant to the Privileges and Immunities Clause of Article IV, section 2 and 4) restricting plaintiffs' statutory rights to litigate before the United States Supreme Court, the U.S. Circuit Courts of Appeals and the federal agencies, pursuant to Sup. Ct. R. 5, Fed. R. App. P. 46 and 5 U.S.C. § 500(b).  As a result, plaintiffs conclude, Rule 83.8(a)(2) violates §§ 2071 and 2072.

Defendants insist that § 2072, on its face, does not apply to Rule 83.8(a)(2) because 1) section 2072 expressly applies to district court rules prescribed by the United States Supreme Court, 2) Rule 83.8(a)(2) is a district court rule prescribed by the District Court for the District of Columbia and thus 3) Rule 83.8(a)(2) does not fall within the scope of § 2072.

Defendants also submit that a plain reading of the text of § 2071 demonstrates that 1) section 2071 expressly provides that rules prescribed by the district courts must be consistent with the rules promulgated under § 2072, 2) section 2071 does not, however, require rules prescribed by the district courts to be consistent with the requirements contained in § 2072 and thus 3) section 2071 does not incorporate the "substantive right" provision set forth in § 2072.  As a result, defendants declare, plaintiffs "misread the statutory scheme" in contending that

Rule 83.8(a)(1) violates § 2071 as a consequence of violating the "substantive right provision" in § 2072.

Defendants thus conclude that plaintiffs fail to state a violation of either § 2071 or § 2072.  In addition, they proclaim that even if the "substantive rights" provision in § 2072 did apply to Rule 83.8(a)(2), plaintiffs' claims would fail because there is no substantive right to practice law before a court without limitation.

The Court agrees with defendants and finds that plaintiffs have not adequately alleged violations of either § 2071 or § 2072.  Section 2072, based on a plain reading of its text, does not apply to Rule 83.8(a)(2) because that rule was promulgated by a district court and not by the United States Supreme Court.

Section 2071, in contrast, does apply to Rule 83.8(a)(2) but it 1) requires only that rules prescribed by district courts be consistent with federal statutes and rules prescribed under § 2072 and 2) does not incorporate the requirements set forth in § 2072 and thus does not incorporate the "substantive right" provision in § 2072.  The amended complaint fails to assert a violation of § 2071 because it identifies no federal statute or rule issued pursuant to § 2072 with which Rule 83.8(a)(2) is inconsistent.  Plaintiffs' references to Sup. Ct. R. 5, Fed. R. App. P. 46 and 5 U.S.C. § 500(b) are misguided because Rule

83.8(a)(2) governs only the admission of attorneys to the Bar of the District Court for the District of Columbia and does not affect the admission of attorneys to any other court or tribunal.  This Court declines to consider plaintiffs' new arguments with respect to Fed. R. Civ. P. 83(a) because plaintiffs cannot rely upon contentions raised for the first time in subsequent briefings to repair defects in the amended complaint.

Even if the amended D.D.C. rule were subject to the "substantive right" provision in § 2072, the amended complaint falls short of alleging a violation of the Rules Enabling Acts because, as discussed below in the overbreadth analysis, there is no protected right to practice law in a particular court without first complying with that court's requirements for admission.

Plaintiffs' reliance on the decision of the United States Supreme Court in Frazier v. Heebe, 482 U.S. 641 (1987), is to no avail.  The plaintiff in the Frazier case challenged Rule 21.2, a local rule prescribed by the District Court for the Eastern District of Louisiana that required, as a condition of admission, attorneys who had already passed the Louisiana Bar Examination also to be in-state residents or to maintain in-state offices. Frazier, 482 U.S. at 643, 646.  The Supreme Court

-18-

invalidated the in-state residency and in-state office

requirements by exercising its

> supervisory authority to prohibit arbitrary
> discrimination against members of the Louisiana Bar,
> residing and having their office out-of-state, who are
> otherwise qualified to join the Bar of the Eastern
> District.

Id. at 646.  The analysis and holding of the Frazier court do

not, however, apply to the instant case because Rule 21.2, which

subjected lawyers who were already members of the Louisiana Bar

to in-state residency and office requirements, is fundamentally

distinguishable from Rule 83.8(a)(2).  The D.D.C. rule subjects

lawyers to a "principal law office" requirement but does not

require them to live or work in a particular jurisdiction.

Furthermore, the Frazier court based its invalidation of Rule

21.2 entirely upon an exercise of the "supervisory power that

the [United States Supreme Court] has over lower federal

courts," see id. at 646, n.4.  That is a power missing from the

arsenal of this Court.  This Court therefore finds plaintiffs'

reliance upon the Frazier decision unpersuasive and inapposite.

Accordingly, plaintiffs have failed to state a claim under

the Rules Enabling Acts upon which relief can be granted.

### B.  Supremacy Clause

Plaintiffs claim in Count 2 that the "principal law office"

provision violates the Supremacy Clause which provides that:

> [T]he laws of the United States . . . shall be the
> supreme law of the land . . . , anything in the
> Constitution or laws of any State to the contrary
> notwithstanding.

U.S. Const. art. VI, cl. 2.  Although plaintiffs appear to have

conceded their Supremacy Clause claim at oral argument, the

Court considers the merits of that claim in the interest of

completeness.

Federal law preempts state law pursuant to the Supremacy

Clause when 1) Congress expressly provides for preemption of

state law in the federal statute, 2) the state law conflicts

with a federal statute or 3) the scope of the federal statute

indicates that Congress intended the federal law to exclusively

occupy the field. Kurns v. R.R. Friction Prods. Corp., 132 S.

Ct. 1261, 1265-66 (2012).

The amended complaint simply does not identify a state law

that allegedly would be preempted by federal law.  Rule

83.8(a)(2) is a rule prescribed by a federal court pursuant to

its authority under 28 U.S.C. § 2071, a federal statute.  The

allegations that plaintiffs present in Count 2 do not implicate

the laws of any state or of the District of Columbia.  Their

reliance on Sperry v. Florida, 373 U.S. 379 (1963), is misplaced

because that case involved state laws while the instant case

does not. See Sperry, 373 U.S. at 384-88 (holding that state

licensing requirements were preempted by the federal statute and

regulations allowing non-lawyers to practice before the U.S. Patent Office).

Plaintiffs' reliance on <u>Augustine</u> v. <u>Dep't of Veterans Affairs</u>, 429 F.3d 1334 (Fed. Cir. 2005), is also inapt.  The <u>Augustine</u> court held that federal statutes and regulations cannot adopt or incorporate state law standards as their own standards unless Congress or the regulatory agency clearly intended such adoption or incorporation to occur. <u>Augustine</u>, 429 F.3d at 1340.  Here, the statutory text of § 2071 indicates that Congress clearly intended federal courts to develop their own rules of practice and procedure, and the text of Rule 83.8(a)(2) demonstrates that the drafters of that rule clearly intended to condition bar admission on compliance with the bar licensing requirements of the state in which that attorney has his or her principal law office.  Thus, the "principal law office" requirement laid out in Rule 83.8(a)(2) does not violate the <u>Augustine</u> principle.

Accordingly, the amended complaint fails to allege a violation of the Supremacy Clause and that claim will be dismissed.

**C.   First Amendment**

In Count 3, plaintiffs challenge Rule 83.8(a)(2) under the First Amendment to the United States Constitution as 1) a substantially overbroad restriction of speech, 2) an

unconstitutional prior restraint on speech, 3) a provision that unlawfully discriminates against speech based on the content and viewpoint expressed, 4) a violation of the right to petition and 5) a violation of the right to association.

Although plaintiffs also seem to have conceded their First Amendment claims at oral argument, the Court again briefly considers the merits of those claims in the interest of completeness.

### 1.   Speech

#### a.   Overbreadth

A law that restricts speech is overly broad and unconstitutional if it

> punishes a substantial amount of protected free speech, judged in relation to [its] plainly legitimate sweep.

Virginia v. Hicks, 539 U.S. 113, 118-19 (2003).  Facial invalidation of a law under the overbreadth doctrine is "strong medicine [that should be applied] sparingly and only as a last resort." Broadrick, 413 U.S. at 613.  A court should not facially invalidate a law that

> reflects  legitimate  [government]  interests  in maintaining  comprehensive  controls  over  harmful, constitutionally unprotected conduct [or speech].

Virginia, 539 U.S. at 119.

A lawyer does not have a protected right to practice law in a particular court without satisfying that court's requirements

for admission. Gentile v. State Bar of Nev., 501 U.S. 1030, 1066 (1991)("In the United States, the courts have historically regulated admission to the practice of law before them . . . . Membership in the bar is a privilege burdened with conditions . . . .")(internal quotation marks omitted). See also Brooks v. Laws, 208 F.2d 18, 28 (D.C. Cir. 1953)("There is no inherent right to practice law.  The right arises after qualification under the rules has been established.").  A court has the power "to control admission to its bar and to discipline attorneys who appear before it." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The interest in regulating lawyers is "especially great" because

> lawyers are essential to the primary governmental function of administering justice, and have historically been officers of the courts.

Ohralik v. Ohio State Bar Ass'n, 436 U.S. 447, 460 (1978) (citations and internal quotation marks omitted).

Here, plaintiffs seek to invalidate Rule 83.8(a)(2) as substantially overbroad on its face by claiming that it categorically discriminates against lawyers based on the locations of their principal law offices, even though those locations have no bearing on intellectual ability or litigation experience.  The Court cannot reasonably infer from that assertion that the disputed rule restricts a "substantial" amount of protected speech in light of a court's legitimate

interest in regulating, and exclusive right to regulate, the admission of lawyers who appear before it.  Plaintiffs' reliance on the Frazier decision is, again, unavailing for the reasons set forth above in the analysis of §§ 2071 and 2072.

Accordingly, the amended complaint does not state a First Amendment claim under an overbreadth theory.

### b.    Prior restraint

A restriction on speech is an unlawful prior restraint subject to facial invalidation if it gives a government official or agency "unbridled discretion" or "substantial power" to allow or prohibit speech based on its content or viewpoint. City of Lakewood v. Plain Dealer Pub. Co., 486 U.S. 750, 757, 759 (1988).  The challenged restriction must

> have a close enough nexus to expression, or to conduct
> commonly associated with expression, to pose a real and
> substantial threat of the identified censorship risks.

Id. at 759.

Plaintiffs seek to invalidate Rule 83.8(a)(2) as an unlawful prior restraint that, on its face, restricts and

> chills otherwise qualified attorneys from exercising
> their right to engage in speech in the Federal District
> Court . . . concerning matters of public concern, solely
> because of the vagaries of state law.

Plaintiffs also make the glaring assertion that Rule 83.8(a)(2) is analogous to the regulations that govern the distribution of "electioneering communications" with respect to candidates for

-24-

federal office as espoused in the case of <u>Citizens United</u> v. <u>Fed. Election Comm'n</u>, 558 U.S. 310, 320-21 (2010).

The Court is underwhelmed by plaintiffs' arguments. The amended complaint summarily concludes that the rule restricts the right of attorneys to speak about "matters of public concern" based on the "vagaries of state law" without 1) alleging that a government official or agency has "unbridled discretion" or "substantial power" to restrain speech based on its content or viewpoint or 2) arguing that the rule has a sufficiently close nexus to expression or conduct associated with expression. The analogy to the regulations in <u>Citizens United</u> is misconceived because those regulations were directly related to a certain kind of speech and were thus unlike the rule challenged in the instant case. The Court cannot reasonably infer that the amended complaint properly alleges that Rule 83.8(a)(2) violates the First Amendment as an unlawful prior restraint.

Accordingly, the prior restraint claim will be dismissed.

### c.   Content and viewpoint discrimination

There are limits on the ability of the government to regulate speech based on its substantive content or the identity of its speaker. <u>See</u> <u>Rosenberger</u> v. <u>Rector & Visitors of Univ. of Va.</u>, 515 U.S. 819, 828-29 (1995). A law that restricts speech on the basis of "content discrimination" is one that 1) targets

speech on a particular subject or 2) engages in "viewpoint discrimination" which occurs when it singles out speech based on the speaker's position on the subject. Id. A law that regulates speech as a "time, place and manner restriction" is one that allows or denies speaker access to a certain forum of speech. See Pearson v. United States, 581 A.2d 347, 351 (D.C. Cir. 1990).

The constitutionality of a time, place and manner restriction depends on whether that forum is a traditional public forum, government-designated public forum, limited public forum or non-public forum. Id. A non-public forum is a place that is not a "forum[] for public communication or expression by tradition or designation." Id. at 352. A restriction on speech in a non-public forum is enforceable as long as it is "reasonable and not an effort to suppress the speaker's point of view." Id.

Here, the amended complaint contends that Rule 83.8(a)(2) engages in content and viewpoint discrimination because it categorically and specifically prevents attorneys who are not active members in good standing of the states in which they have their principal law offices from "obtain[ing] a license and petition[ing] the courts and speak[ing]." Plaintiffs claim that the rule is a content-based restriction on speech that fails the time, place and manner standards because it cannot survive

-26-

strict scrutiny review.  Defendants respond that the "principal law office" provision in Rule 83.8(a)(2) is "indisputably content neutral."

Rule 83.8(a)(2), to the extent that it can be characterized as a restriction on speech, is a constitutionally valid time, place and manner restriction.  Courthouses are non-public forums.  <u>Pearson</u>, 581 A.2d at 353.  The relevant test is whether Rule 83.8(a)(2), if viewed as a restriction on speech, is reasonable and is not an effort to suppress the viewpoint of a speaker.  The Court declines plaintiffs' invitation to apply strict scrutiny review because that is not the appropriate test for restrictions on speech in non-public forums.

In addition, because the place at issue is a non-public forum, the Court need not determine whether Rule 83.8(a)(2) is a content-based or content-neutral restriction.  Nevertheless, in the interest of completeness, the Court notes that the amended complaint insufficiently alleges that Rule 83.8(a)(2) is a content-based restriction on speech because 1) on its face, the rule does not discriminate against speech based on its content, viewpoint or speaker identity and 2) there is no allegation that enforcement of the rule involves the receipt or consideration of any information with respect to the viewpoints of the applicants on any particular subject.

Rule 83.8(a)(2), to the extent that it can be characterized as a restriction on speech, is thus constitutionally valid if it is reasonable and is not an effort by the government to suppress the viewpoint of the speaker.  The Court finds the "principal law office" provision reasonable in light of 1) the inherent power of a court to regulate the admission of lawyers to its bar, as discussed above in the overbreadth analysis, and 2) the rational basis for the provision, as discussed below in the equal protection analysis.  Plaintiffs do not sufficiently allege in the amended complaint that defendants treat Rule 83.8(a)(2) as an effort to suppress the viewpoint of any speaker.  Plaintiffs expound in the amended complaint that:

> The hypothesis that a layman is presumptively competent to represent themselves, unless he or she is mentally ill, while on the other hand, Plaintiff[s and] experienced lawyers are presumptively incompetent based on the location of their principal office makes no sense.

There is, however, no factual allegation that defendants actually consider or embrace this "hypothesis" in the course of issuing or enforcing their rule.  The Court concludes that the amended complaint does not sufficiently allege that Rule 83.8(a)(2) is unconstitutional as a time, place and manner restriction or as a content- or viewpoint-based regulation of speech.

Accordingly, the content and viewpoint discrimination claim will be dismissed.

-28-

### 2.   Petition

The Petition Clause of the First Amendment protects the right of individuals to access the courts for the resolution of legal disputes. Borough of Duryea, Pa. v. Guarnieri, 131 S. Ct. 2488, 2494 (2011).

Plaintiffs claim that Rule 83.8(a)(2) violates the Petition Clause because

> it arbitrarily and irrationally presumes that the Plaintiffs, and all experienced lawyers from non-reciprocity jurisdictions, will file sham petitions for an anti-competitive purpose, and only file sham petitions for an anti-competitive purpose based on the location of their principal office[.]

Plaintiffs argue that such a presumption is misplaced and illogical because 1) there is no evidence to support it and 2) it assumes that attorneys from non-reciprocal jurisdictions will file sham petitions despite the possible professional consequences.

Plaintiffs' claim does not survive dismissal because 1) Rule 83.8(a)(2), on its face, sets forth a requirement for bar admission and does not address or restrict the ability of an attorney to file petitions, sham or otherwise, and 2) there is no allegation that the issuance or enforcement of the bar admission rule has anything to do with the filing of petitions. The bare assertion that the drafters of the rule "presumed" that certain attorneys would file sham petitions is worthless.

Accordingly, the Court finds that the amended complaint does not set forth a violation of the Petition Clause and thus will dismiss that claim.

### 3.  Association

Implicit in the right to engage in expressive activities protected by the First Amendment, such as speech, assembly, petition and religion, is the corresponding right to associate freely with others. Roberts v. United States Jaycees, 468 U.S. 609, 622 (1984).  A law that imposes penalties or withholds benefits from individuals based on their membership in a disfavored group violates the right to free association unless there are

> compelling [government] interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms.

Id. at 623.

Here, plaintiffs suggest that Rule 83.8(a)(2) impermissibly interferes with the right to free association because the rule

> imposes penalties and withholds privileges based solely on plaintiffs' licensing in disfavored non-reciprocity jurisdictions.

Plaintiffs complain that defendants cannot meet their burden of proving the validity of the rule because the right of an attorney to be admitted on motion is constitutionally protected under the Privileges and Immunities Clause of Article IV,

section 2, as interpreted by the United States Supreme Court in
Supreme Court of Va. v. Friedman, 487 U.S. 59 (1988).

Plaintiffs have not asserted a violation of the right to
associate freely in the amended complaint.  The claim that Rule
83.8(a)(2) treats attorneys differently based on their licensing
status in non-reciprocal jurisdictions does not accurately
describe the operation of the rule.  Rule 83.8(a)(2) limits
admission and membership privileges to attorneys who are active
members in good standing in the states in which they maintain
their principal law offices.  The disputed rule does not, as the
amended complaint suggests, limit those privileges based on
whether attorneys are licensed in jurisdictions that refuse to
grant reciprocal privileges.

Plaintiffs also mischaracterize the scope of the Privileges
and Immunities Clause as interpreted in the Friedman decision.
The Friedman court held that a rule conditioning bar admission
on citizenship or residency in a particular state violated the
Privileges and Immunities Clause. Friedman, 487 U.S. at 70.  The
Friedman court did not address the constitutionality of a rule
that conditions bar admission on a different ground, see id.,
and plaintiffs do not allege that Rule 83.8(a)(2) contains a
state citizenship or residency requirement.  Accordingly,
plaintiffs have not set forth a violation of the right to free
association.  That claim will be dismissed.

### D.    Fifth Amendment

Plaintiffs contest the validity of Rule 83.8(a)(2) under the Fifth Amendment to the United States Constitution and assert violations of the equal protection and due process doctrines.

### 1.    Equal protection

A law that sets forth a

> classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge [under the Fifth or Fourteenth Amendment] if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.

F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993).  Under rational basis review, the challenger of the classification has the burden to "negate every conceivable basis which might support it." Id. at 314-15.  The legislative motive or justification for the classification is irrelevant to the rational basis analysis because

> a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data.

Id. at 315.

The amended complaint asserts an equal protection challenge against Rule 83.8(a)(2) by arguing that the rule 1) disfavors "otherwise equally qualified sister-state attorneys in bar admission on motion" in violation of the Privileges and Immunities Clause as described in Friedman, 2) discriminates against those attorneys in the same manner that bar admission

-32-

rules in the nineteenth century unlawfully discriminated against women and African-American applicants, 3) intentionally withholds general admission privileges from attorneys from certain states in retaliation against the failure of those states to provide reciprocal admission privileges, 4) irrationally discriminates against an unpopular class in the same manner that the amendment to the state constitution in Romer v. Evans, 517 U.S. 620 (1996), unconstitutionally discriminated against individuals on the basis of sexual orientation and 5) irrationally assumes that a layman, who is "presumptively capable of representing herself" in court, is competent while an experienced lawyer who cannot meet the requirements of Rule 83.8(a)(2) is incompetent.

Plaintiffs fail to assert an equal protection claim in the amended complaint.  The Privileges and Immunities Clause does not apply to the instant case, as discussed above in the association analysis, because Rule 83.8(a)(2) does not contain a state citizenship or residency requirement.  Rule 83.8(a)(2) does not classify individuals along suspect lines such as by race. See Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 313 (1976). The rule also does not infringe upon a fundamental right because, as discussed above in the overbreadth analysis, there is no protected right to practice law in a court without

complying with the requirements for admission.   Rule 83.8(a)(2) is therefore subject to rational basis review.

Plaintiffs, however, fail to allege the lack of a rational basis for the rule.   Their bare assertion of a retaliatory motive is unsupported by factual allegations and, in any event, is irrelevant.   Their conclusory statement that the drafters of Rule 83.8(a)(2) were driven by an irrational presumption of competence in laymen but not in experienced lawyers is, likewise, unsupported, wrongheaded and irrelevant.   Plaintiffs make no effort to "negate every conceivable basis which might support" the "principal law office" provision and thus do not present an equal protection challenge to Rule 83.8(a)(2).

The Court notes that, even if the equal protection claim survived dismissal, it would not survive summary judgment review because plaintiffs fail to negate the rational basis that defendants set forth in support of the rule.   Defendants primarily justify the "principal law office" provision as ensuring that every attorney who practices before the Court is subject to "significant local supervision of a licensing authority," <u>i.e.</u>, the bar of the state in which the attorney performs a significant portion of his or her legal work. Defendants submit that the justification rationally assumes that

> local licensing control is more effective than remote
> supervision . . . because few state bars would be
> familiar with the legal practice in other states, nor

> have the incentives to become particularly familiar with
> it, such that they could provide as-effective
> supervision of the legal work conducted out-of-state.

The Court finds that the "local supervision" justification forms

a plausible and rational basis for the "principal law office"

provision in Rule 83.8(a)(2). Plaintiffs fail to negate or even

address that justification. Their arguments focus instead on

identifying a set of attorneys who are not subject to the

challenged provision and on presenting examples of invalid rules

enacted by other jurisdictions in other contexts. Those efforts

fall well short of satisfying plaintiffs' burden of negating the

rational basis underlying the imposition of that requirement on

another set of attorneys.

Accordingly, the equal protection claim will be dismissed.

### 2. Due process

Finally, plaintiffs claim procedural and substantive due

process violations because

> the same defendant judges who promulgate and enforce the
> Local Rules are the same judges who decide whether they
> are unlawful, and no man can be a judge in his own case.

That argument became moot when this case was assigned to an out-

of-district judge for adjudication. Accordingly, the due

process claim will be dismissed.

<u>ORDER</u>

For the foregoing reasons, defendants' motion for dismissal (Docket No. 23) is **GRANTED**, plaintiffs' motion for summary judgment (Docket No. 25) is **DENIED** and the case is **DISMISSED**. **So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated December 31, 2015