United States District Court
District of Columbia

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF MULTIJURISDICTION PRACTICE, JOSE JEHUDA GARCIA, MARINNA L. CALLAWAY and HERBERT HOWARD DETRICK, II,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD W. ROBERTS, EMMET G. SULLIVAN, COLLEN KOLLAR-KOTELLY, ELLEN S. HUVELLE, REGGIE B. WALTON, JOHN D. BATES, RICHARD J. LEON, ROSEMARY M. COLLYER, BERYL A. HOWELL, ROBERT L. WILKINS, JAMES E. BOASBERG, AMY BERMAN JACKSON, RUDOLPH CONTRERAS, KETANJI BROWN JACKSON and ERIC H. HOLDER, JR.,<br><br>Defendants. | Civil Action No.<br>13-01963-NMG |

## MEMORANDUM & ORDER

GORTON, J.

This case involves allegations that a local rule of a district court (<u>i.e.</u>, Local Rule 83.8(a)(2) of the United States District Court for the District of Columbia ("D.D.C.")) unlawfully restricts the admission and membership of certain attorneys based upon their status as active members in good standing of the Bar of the states in which they maintain their principal law offices.

-1-

After the Court ruled largely in defendants' favor, plaintiffs filed motions to recover their attorney's fees. For the reasons that follow, those motions will be denied.

## I. Background

The facts of this case have been described at length in a previous Memorandum & Order ("M&O") issued by this Court (Docket No. 46). The following are the salient facts for the purpose of this M&O.

Plaintiff National Association for the Advancement of Multijurisdiction Practice ("NAAMJP") is a public benefit corporation that advocates for the reciprocal admission of all lawyers to all jurisdictions. The other individual plaintiffs are attorneys who have been precluded from admission to the D.D.C. Bar by the challenged local rule.

In December, 2013, plaintiffs initiated this action against the active judges of the United States District Court for the District of Columbia and the United States Attorney General by filing a complaint. At the time, D.D.C. Local Rule 83.8(a)(2) provided that:

> Admission to and continuing membership in the Bar of this Court are limited to attorneys who are . . . active members in good standing of the highest court of any state in which the attorney maintains his/her principal law office and is a member in good standing of a United States District Court that provides for reciprocal admission to members of the Bar of this Court.

Plaintiffs alleged in their complaint that the "principal law office" and reciprocity requirements in the then-existing version of the rule violated federal statutory and constitutional law.

In June, 2014, defendant-judges approved an amended version of D.D.C. Local Rule 83.8(a)(2) which provided that:

> Admission to and continuing membership in the Bar of this Court are limited to . . . attorneys who are active members in good standing of the Bar of any state in which they maintain their principal law office . . . .

Plaintiffs responded to the removal of the reciprocity requirement by amending their complaint to reflect the change in the rule.

In December, 2015, this Court granted defendants' motion to dismiss the amended complaint, denied plaintiffs' motion for summary judgment and, accordingly, dismissed the case. Plaintiffs filed the pending motions for attorney's fees shortly thereafter.

II. **Plaintiffs' motions for attorney's fees**

Plaintiffs seek $26,770 in attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), for their purportedly successful challenge of the reciprocity requirement in the pre-amendment version of D.D.C. Local Rule 83.8(a)(2).

### A. Legal standard

Under the fee-shifting provision of the EAJA, unless another statute specifically provides otherwise,

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

A "prevailing party" is a party who

> obtains a material alteration of the legal relationship of the parties through a judgment on the merits or a settlement agreement enforced through a consent decree.

In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig., 751 F.3d 629, 634 (D.C. Cir. 2014)(internal quotation marks omitted). A claimant who does not obtain a judgment in its favor or a settlement is not a prevailing party. See id.

### B. Application

Plaintiffs assert that they are entitled under § 2412(d)(1)(A) to the attorney's fees and costs that they incurred during their successful challenge of the reciprocity requirement that defendant-judges removed from D.D.C. Local Rule 83.8(a)(2) in June, 2014.

As a threshold matter, plaintiffs contend that they are the prevailing parties with respect to that challenge because

1) their initial complaint sought a court order to require defendants to abrogate the reciprocity condition of their rule and 2) they procured a court order providing the "identical relief [that] they requested in the Complaint as a direct result".

Defendants respond that plaintiffs did not prevail on the reciprocity claims because they did not

> obtain any judicially ordered relief that substantively change[d] the legal status of the parties

with respect to those claims. Defendants characterize their decision to amend the local rule and eliminate the reciprocity requirement as "entirely" voluntary and not compelled by a judicial order.

Plaintiffs present no evidence that defendants amended the local rule as a result of a "judgment on the merits or a settlement agreement enforced through a consent decree." See In re Long-Distance Tel. Serv., 751 F.3d at 634. The parties did not enter into a settlement agreement and the Court did not, at any point, enter a judgment on the merits of plaintiffs' reciprocity claims.

The only judicial order that addresses the amendment of the local rule is the Minute Order entered on March 20, 2014 which states that:

> Upon consideration of the [] Consent Motion to Stay, and the entire record in this case, it hereby is ORDERED

> that this case is STAYED until the defendants vote on the proposal of the District Court[']s Rules Committee to drop the reciprocity requirement from this Court[']s Local Rules . . . It is further ORDERED that, within ten calendar days after such vote, if the plaintiff has not voluntarily dismissed the case, the parties shall file a joint motion to govern future proceedings . . .

As defendants correctly note, the Minute Order did not enjoin, require or compel them to remove the reciprocity requirement from the local rule. Plaintiffs did not procure any relief on their reciprocity claims as a result of a judicial order.

Accordingly, the Court finds that plaintiffs are not prevailing parties within the meaning of § 2412(d)(1)(A) and thus are not entitled to attorney's fees or costs under the statute. The Court need not address their remaining arguments because its finding is dispositive on the merits. Plaintiffs' motions for attorney's fees and costs will be denied.

### ORDER

For the foregoing reasons, plaintiffs' motions for attorney's fees (Docket Nos. 47 and 49) are **DENIED**.

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 7, 2016

-6-